## SUPERIOR COURT OF BALTIMORE CITY.

Filed September 18, 1924.

GEORGE McMINN, TRADING AS McMINN & COMPANY,

VS.

SEABOARD AIR LINE RAILWAY COMPANY.

*L. Wethered Barroll* for plaintiff.
*Watson E. Sherwood* for defendant.

SOLTER, J.—

In this case there are four parties who may claim to be proper parties plaintiff.

The true owner of the goods undoubtedly is Colbourne, the Florida shipper. He may unquestionably bring the suit. While the bill of lading is issued to him, showing the goods to have been consigned to George McMinn Company, Richmond, the evidence shows him to be the true owner. McMinn was merely a commission merchant, who had the goods for sale upon commission. Under the testimony in the case the contract was a bailment, and the goods until sold remained the property of the consignor. Sturtevant Co. vs. Dugan, 106 Md. 87; See Code, Article 2, Section 12.

The next party to be considered is the Traffic Adjustment Bureau to which McMinn assigned all his right,

title and interest in this claim. The re-assignment back to McMinn is admited by counsel to have been made after suit brought, and for the purpose of clearing up the question of title, after the point had been suggested through the evidence of McMinn.

While a chose in action may be assigned, at common law, the suit was required to be brought in the name of the assignor. This particular character of claim is not covered by the Maryland statutes which give the assignee in certain classes of action or claim the right to sue in his own name. Poe's Pleading, Sec. 323.

I, therefore, conclude that even if there is now in existence a valid assignment of the claim, the Traffic Adjustment Bureau, the assignee, would not be the proper party plaintiff.

With regard to McMinn's right to sue; as consignee he could have undoubtedly maintained the action at common law upon the ground of his being a bailee, or in other words, he could maintain in the action as a factor having a special property in the goods. In such a case he would be held to be trustee for the consignor. He also would have the right to maintain the suit under the Carmack amendment as the lawful holder of the bill of lading, that is before he parted with it.

The question arises as to how his right to sue is affected by having transferred the bill of lading to Iseman, the Baltimore commission merchant.

Before considering this I would like to see how far the case of White vs. Adams Express Company, 132 Md., bears upon this particular point. White was the agent of a certain machinery company. Certain of its machinery was defective and he reshipped it by the Adams Express Company to the real owner. It was lost in transit, and White brought a suit for the value of the machinery thus lost. He recovered in the lower Court, the Court of Appeals reversed the lower Court. In that case it was laid down as the true rule that the person entitled to sue was the owner, or a person having beneficial interest therein. White was held to fall within neither of these two categories. He was held to be a mere agent selling upon commission. He had no title to the machinery and he had,

of course, not earned any commission. It was held, therefore, that he could not maintain the suit.

If McMinn had not reshipped or re-routed the shipment, the White case could therefore be easily distinguished from the present one, because McMinn was not a mere agent but a factor. And as before stated the right of a factor or commission merchant to sue is clearly established by the weight of authority. He is a bailee with an interest.

Now, what happened as a result of his transfer of the bill of lading and the consequent passing of the title by him to Iseman? It is true that he lost his position under the Carmack amend-ment, as the lawful holder of the bill of lading. It is also true that he lost his special title to the goods as factor. It was necessary for him to part with it in order to give it to Iseman, the Baltimore commission merchant. Iseman had to have the special title in order to make the sale. This left Mc-Minn in the position of being respon-sible, it is true, to Colbourne, the Flor-ida shipper. But his only liability was that of exercising proper care in the selection of a sub-agent. He could not be charged with the conversion of the goods if Iseman has failed to make proper returns. Under his contract with Iseman, no doubt, the settlement would have gone through his hands, but, nevertheless he had no title to the goods.

It would, therefore, seem to me that the only interest which McMinn could possibly have in the shipment would be his commission. Is this such a bene-ficial interest as would entitle him to be the party plaintiff? I think in this connection the White case controls, his commission had not been earned, and to this extent he is in exactly the same position as was White, with ref-erence to his commission.

It seems to me the case should be de-cided as to the right of the proper par-ty to sue upon one of four grounds, and upon each of these, McMinn fails to qualify. These four grounds are, first, the lawful holder of the bill of lading under the Carmack amend-ment; second, the true owner of the goods; third, a person having a special title to the goods as factor, and fourth, a person having a beneficial interest in the goods as distinguished from a

possible beneficial interest in the out-come of the sale.

My conclusion, therefore, is that this suit cannot be brought by the plain-tiff, McMinn.

For these reasons I will grant the defendant's prayer that the plaintiff has offered no legally sufficient evi-dence to entitle it to recover.